FILED
2009 Sep-23 PM 05:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARK ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **NORTHLAND GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Northland Group, Inc. ("Northland") files this Notice of Removal of the above-captioned action to this Court. In support, Northland states as follows:

1. Northland was named as a defendant in Civil Action No. DV-2009-900515 filed in the District Court of Shelby County, Alabama (the "State Court Action").

2. The Complaint in the State Court Action was filed with the Clerk of the District Court of Shelby County, Alabama on August 26, 2009. Northland was served with the Complaint on September 8, 2009.

3. This Notice is being filed with this Court within thirty (30) days after Northland received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4. A copy of all process, pleadings, and orders served upon Northland in the State Court Action is attached hereto as Exhibit A.

5. Northland is a debt collector within the meaning of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA").[1] The Plaintiff asserts a claim for relief against Defendant Northland arising under the federal FDCPA. Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. §§ 1441(a) and (b).

6. No other defendants were named or served with the Complaint in the State Court Action; therefore, Northland is not required to obtain another's consent and joinder in this Notice of Removal.

7. Promptly after filing of this Notice of Removal, Northland shall provide notice of the removal to Plaintiff through Plaintiff's attorney of record in the State Court Action and to the Clerk of the District Court of Shelby County, as required by 28 U.S.C. § 1446(d).

---

[1] The FDCPA provides that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy. . . ." 15 U.S.C. § 1692k(d). Actions brought in state court under the FDCPA are removable to the appropriate federal district court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

Respectfully submitted this 22nd day of September, 2009.

One of the Attorneys for Defendant
Northland Group, Inc.

**OF COUNSEL:**

Sean W. Shirley
Jason B. Tompkins
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-251-8100
Facsimile: 205-226-8798
sshirley@balch.com
jtompkins@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by first class U.S. mail, postage prepaid, on this 22nd day of September, 2009:

Michael W. Lindsey, Esq.
John C. Hubbard, Esq.
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste. 330 N
Birmingham, AL 35243

Of Counsel

**EXHIBIT A**

nified Judicial System

orm ARCiv-93 Rev.5/99

**COVER SHEET**
**DISTRICT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

58-DV-2009-
Date of Filing:
08/26/2009

ELECTRONICALLY FILED
8/26/2009 10:31 AM
DV-2009-900515.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## GENERAL INFORMATION

**IN THE DISTRICT OF SHELBY COUNTY, ALABAMA**
**MARK ANDERSON v. NORTHLAND GROUP, INC.**

**irst Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**IATURE OF SUIT:**

- ☐ CTEM-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ AUTO-Autodamages/Subrogation/Promissory Note
- ☐ DISP-Non-Account Dispute: Roomate/Neighbor/Animal
- ☐ EVIC-Eviction
- ☐ GDAM-General Damages
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ RECP-Recover Property
- ☑ DVXX-Miscellaneous District Civil Case
- ☐ TOXX - Other: ____________

**RIGIN:** F ☑ **INITIAL FILING** O ☐ **OTHER**

R ☐ **REMANDED**

**ELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**TTORNEY CODE:** LIN038 8/26/2009 10:30:16 AM /s MICHAEL WESLEY LINDSEY

**IEDIATION REQUESTED:** ☐ **Yes** ☑ **No** ☐ **Undecided**

Certified a true and correct copy
Date: ____________
Mary H. Harris
Mary H. Harris Circuit Clerk
Shelby County, Alabama

| | | |
|---|---|---|
| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | **SUMMONS<br>- CIVIL -** | **Case Number:**<br>58-DV-2009-900515.00 |

**IN THE CIVIL COURT OF SHELBY, ALABAMA**
**MARK ANDERSON v. NORTHLAND GROUP, INC.**

**NOTICE TO** NORTHLAND GROUP, INC., 2000 INTERSTATE PARK DR STE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL WESLEY LINDSEY

WHOSE ADDRESS IS One Perimeter Park Drive, Ste 330 North, Birmingham, AL 35243

THE ANSWER MUST BE MAILED WITHIN 14 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of MARK ANDERSON pursuant to the Alabama Rules of the Civil Procedure

| | | |
|---|---|---|
| 8/26/2009 10:31:28 AM | /s MARY HARRIS | |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested — /s MICHAEL WESLEY LINDSEY
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

| | |
|---|---|
| ____________ | ____________ |
| Date | Server's Signature |

Certified a true and correct copy
Date: ____________
Mary H. Harris, am
Mary H. Harris Circuit Clerk
Shelby County, Alabama

ELECTRONICALLY FILED
8/26/2009 10:31 AM
DV-2009-900515.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

**IN THE DISTRICT COURT OF SHELBY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **MARK ANDERSON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| **V.** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **NORTHLAND GROUP, INC.** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Mark Anderson ("Anderson"), for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4. The Defendant, Northland Group, Inc., is incorporated in Minnesota, and was, in all respects and at all times relevant herein, doing business in Shelby County, Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. The Defendant uses telephone communications in its business.

6. The principal purpose of the Defendant's business is the collection of debts.

7. The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. The Defendant is a debt collector subject to the provisions of the FDCPA.

9. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, the Defendant communicated with the Plaintiff in a manner which violated the FDCPA.

10. The alleged debt that the Defendant was seeking to collect from Plaintiff was for personal, household, or family uses.

11. In the course of attempting to collect the alleged debt, in August 2009, an agent or employee of the Defendant called and left one (1) or more automated, pre-recorded messages on the answering machine at the home of Vivian Anderson. Vivian Anderson is the mother of the Plaintiff.

12. The message stated or substantially stated, "This is a message for Mark W Anderson. If we have reached the wrong number for this person, please call us back at 1-866-579-0026 to remove your phone number. If you are not Mark W Anderson, please hang up or disconnect. If you are Mark W Anderson, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message, you acknowledge you are Mark W Anderson. Mark W Anderson, you should not listen to this message so that other people may hear it, as it contains personal and private information. There will now be a three second pause in the message to allow you to listen to this message in private. This is a debt collector from the Northland Group. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-800-942-1572 extension 3572 or please visit us on our website at www.northlandaccount.com and please reference account number 38451468. Our physical address is…"

13. By leaving these messages on an answering machine, the Defendant disclosed the debt collection activity to third parties, in this case, to at least the Plaintiff's mother, and other members of her household.

14. The aforementioned actions were done willfully and knowingly.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

15. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

16. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

17. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

18. The Defendant violated §1692b by communicating with a third party for purposes other than acquiring location information.

19. The Defendant communicated with a person other than the Plaintiff, without the prior consent of the Plaintiff or the permission of the Court, and for purposes other than effectuating a judgment, in violation of §1692c(b).

20. The Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of §1692d.

21. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for worry, anxiety, nervousness, and mental anguish.

**COUNT TWO**
**NEGLIGENT TRAINING AND SUPERVISION**

22. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

23. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

24. The Defendant knew or should have known that said conduct was improper.

25. The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

26. The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

27. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

**COUNT THREE**
**RECKLESS AND WANTON TRAINING AND SUPERVISION**

28. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

29. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

30. The Defendant knew or should have known that said conduct was improper.

31. The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

32. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

33. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

**COUNT FOUR**
**INVASION OF PRIVACY**

34. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

36. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

37. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

38. Said communications constitute the wrongful intrusion into his solitude and seclusion.

39. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;
B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);
C. Actual damages for the Defendant's violations of the FDCPA;
D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1692k;
E. Compensatory and punitive damages against the Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Invasion of Privacy; and
F. Such other and further relief that this Court deems necessary, just and proper.

/s/ Michael W. Lindsey
Michael W. Lindsey
John C. Hubbard
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

**Certified a true and correct copy**
**Date:** ____________________

Mary H. Harris, am

**Mary H. Harris Circuit Clerk**
**Shelby County, Alabama**

CT Corporation

**Service of Process Transmittal**
09/08/2009
CT Log Number 515396188

**TO:** Nancy Lundeen
Northland Group Inc.
7831 Glenroy Road, Suite 350
Edina, MN 55439-3133

**RE:** **Process Served in Alabama**

**FOR:** Northland Group Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark Anderson, Pltf. vs. Northland Group, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Exhibits |
| **COURT/AGENCY:** | District Court of Shelby County, AL<br>Case # DV-2009-900515 |
| **NATURE OF ACTION:** | Invasion of Privacy - Dft. attempting to collect a debt communicated with Pltf. in a manner which viloated Pltf. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/08/2009 at 10:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 14 days |
| **ATTORNEY(S) / SENDER(S):** | Michael W Lindsey<br>One Perimeter Park Dr.<br>Sutie 330 N<br>Birmingham, AL 35243<br>205-970-2233 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 792804733134 |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL 36109 |
| **TELEPHONE:** | 334-387-7680 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-DV-2009-900515.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA
MARK ANDERSON v. NORTHLAND GROUP, INC.

NOTICE TO NORTHLAND GROUP, INC., 2000 INTERSTATE PARK DR STE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL WESLEY LINDSEY

WHOSE ADDRESS IS One Perimeter Park Drive, Ste 330 North, Birmingham, AL 35243

THE ANSWER MUST BE MAILED WITHIN 14 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of MARK ANDERSON pursuant to the Alabama Rules of the Civil Procedure

| 6/26/2009 10:31:28 AM | /s MARY HARRIS | am |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested — /s MICHAEL WESLEY LINDSEY
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

____________ Date ____________ Server's Signature

58-DV-2009-900515.00
MARK ANDERSON v. NORTHLAND GROUP, INC.

C001 - MARK ANDERSON v. D001 - NORTHLAND GROUP, INC.
Plaintiff Defendant

58-DV-2009-900515.00 D001

SERVICE RETURN COPY

ied Judicial System

m ARCiv-93 Rev.5/99

COVER SHEET
DISTRICT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

58-DV-2009-

Date of Filing:
08/26/2009

8/26/2009 10:31 AM
DV-2009-900515.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## GENERAL INFORMATION

**IN THE DISTRICT OF SHELBY COUNTY, ALABAMA**
**MARK ANDERSON v. NORTHLAND GROUP, INC.**

st Plaintiff: ☐ Business ☑ Individual ☐ Government ☐ Other

First Defendant: ☑ Business ☐ Individual ☐ Government ☐ Other

**TURE OF SUIT:**

- ☐ CTEM-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ AUTO-Autodamages/Subrogation/Promissory Note
- ☐ DISP-Non-Account Dispute: Roomate/Neighbor/Animal
- ☐ EVIC-Eviction
- ☐ GDAM-General Damages
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ RECP-Recover Property
- ☑ DVXX-Miscellaneous District Civil Case
- ☐ TOXX - Other: ____________

**RIGIN:** F ☑ INITIAL FILING  O ☐ OTHER

R ☐ REMANDED

**ELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**TTORNEY CODE:** LIN038  8/26/2009 10:30:16 AM  /s MICHAEL WESLEY LINDSEY

**EDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

8/26/2009 10:31 AM
DV-2009-900515.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

# IN THE DISTRICT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| MARK ANDERSON, | ) | |
| PLAINTIFF, | ) | |
| V. | ) | CIVIL ACTION NUMBER: |
| NORTHLAND GROUP, INC. | ) | |
| DEFENDANT. | ) | |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Mark Anderson ("Anderson"), for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4. The Defendant, Northland Group, Inc., is incorporated in Minnesota, and was, in all respects and at all times relevant herein, doing business in Shelby County, Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. The Defendant uses telephone communications in its business.

6. The principal purpose of the Defendant's business is the collection of debts.

7. The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. The Defendant is a debt collector subject to the provisions of the FDCPA.

9. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, the Defendant communicated with the Plaintiff in a manner which violated the FDCPA.

10. The alleged debt that the Defendant was seeking to collect from Plaintiff was for personal, household, or family uses.

11. In the course of attempting to collect the alleged debt, in August 2009, an agent or employee of the Defendant called and left one (1) or more automated, pre-recorded messages on the answering machine at the home of Vivian Anderson. Vivian Anderson is the mother of the Plaintiff.

12. The message stated or substantially stated, "This is a message for Mark W Anderson. If we have reached the wrong number for this person, please call us back at 1-866-579-0026 to remove your phone number. If you are not Mark W Anderson, please hang up or disconnect. If you are Mark W Anderson, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message, you acknowledge you are Mark W Anderson. Mark W Anderson, you should not listen to this message so that other people may hear it, as it contains personal and private information. There will now be a three second pause in the message to allow you to listen to this message in private. This is a debt collector from the Northland Group. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-800-942-1572 extension 3572 or please visit us on our website at www.northlandaccount.com and please reference account number 38451468. Our physical address is..."

13. By leaving these messages on an answering machine, the Defendant disclosed the debt collection activity to third parties, in this case, to at least the Plaintiff's mother, and other members of her household.

14. The aforementioned actions were done willfully and knowingly.

**COUNT ONE**
**FAIR DEBT COLLECTION PRACTICES ACT**

15. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

16. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

17. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

18. The Defendant violated §1692b by communicating with a third party for purposes other than acquiring location information.

19. The Defendant communicated with a person other than the Plaintiff, without the prior consent of the Plaintiff or the permission of the Court, and for purposes other than effectuating a judgment, in violation of §1692c(b).

20. The Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of §1692d.

21. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

22. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

23. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

24. The Defendant knew or should have known that said conduct was improper.

25. The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

26. The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

27. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

28. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

29. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

30. The Defendant knew or should have known that said conduct was improper.

31. The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

32. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

33. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

**COUNT FOUR**
**INVASION OF PRIVACY**

34. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

36. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

37. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

38. Said communications constitute the wrongful intrusion into his solitude and seclusion.

39. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;
B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);
C. Actual damages for the Defendant's violations of the FDCPA;
D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1692k;
E. Compensatory and punitive damages against the Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Invasion of Privacy; and
F. Such other and further relief that this Court deems necessary, just and proper.

/s/ Michael W. Lindsey
Michael W. Lindsey
John C. Hubbard
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233